## LANDIS v BOARD OF EDUCATION OF BROOKVILLE

Ohio Appeals, 2nd Dist, Montgomery Co

No 1093.  Decided June 28, 1933

Rex K. Miller, Dayton, for plaintiff in error.

Calvin Crawford, Prosecuting Attorney, Dayton, for defendant in error.

### OPINION

By BARNES, J

The attempted contract and labor thereunder was performed in 1923. The pertinent portion of §5660 **GC** as existing at that time reads as follows:

"The board of education of a school district shall not enter into any contract, agreement or obligation involving expenditure of money nor pass any resolution or order for the appropriation or expenditure of money unless the * ·. * clerk * * * first certifies that the money required for the payment of such obligation or appropriation is in the treasury to the credit of the fund for which it is to be drawn or has been levied and placed on the duplicate and in process of collection and not appropriated for any other purpose."

Sec 5661 GC reads as follows:

"All contracts, agreements or obligations and orders or resolutions entered into or passed contrary to the provisions of the next preceding section shall be void * * *."

The pertinent portion of §7623 GC reads as follows:

"When a board of education determines to build, repair, enlarge or furnish a school house or school houses, or make any improvement or repair provided for in this chapter the cost of which will exceed in city districts, fifteen hundred dollars, and in other districts five hundred dollars, except in cases of urgent necessity, or for the security and protection of school property, it must proceed as follows:"

In this section follows ten numbered paragraphs prescribing the steps to be taken by way of advertising, receiving and opening of bids and letting of contract. These sections' of the General Code have been considered and construed by the courts of this state in a number of cases. The decisions are uniform that these statutes mean just what they say, that is, if the provisions are not complied with the contract is void.

Counsel for plaintiff admits that announcement of the law and frankly says that his client can not recover under the contract for the reason that the formal statutory provisions were not complied with. Counsel's theory of recovery under the doctrine preventing unjust enrichments is new and novel and we are unable to find any support for the theory under any of the reported cases in Ohio. We have carefully examined each and every case cited by counsel for plaintiff in his brief and a careful reading leaves the question free from doubt that plaintiff can not recover.

We recognize the hardship on plaintiff in furnishing labor for which he can recover no recompense. As between individuals under similar circumstances there could be no question as to the right of recovery. · Under the common law this same principle was applicable to public contracts.

The voice of the people through the legislature has said that public contracts of the nature involved in the instant case can only be let after compliance of certain fixed requirements. It is considered no hardship to require every individual doing business with a public official to ascertain and know that such requirements are complied with in order to give his contract legality. Although similar provisions have been incorporated in our statutory law for over half a century, yet we are frequently confronted with contractors incurring losses through inattention or ignorance of this law. We call attention to the case of City of Wellston v Morgan, 65 Oh St, 219, syllabus 4:

· "4. Persons dealing with officers of municipalities must ascertain for themselves and at their own peril that the provisions of the statutes applicable to the making of the contract, agreement, obligation or appropriation have been complied .with."

We are unable to follow the reasoning of counsel for plaintiff in his effort to distinguish his form of action on what he claims to be a quantum meruit and a claim based on contract illegal because not authorized through failure to comply with statutory requirements.

Counsel for plaintiff, in his brief, states that it is necessary to show that the work was performed at the instance of the defendants so as to present that he is not a mere volunteer. Apparently there is the idea that by presenting every element of his negotiations except the price that thereby the statutory provisions would not apply.

It is obvious that such arrangements would involve the expenditure of money and §5660 GC says, ."contract agreement or obligation involving expenditure of money."

The school board would have had no authority to make an agreement to perform the services on force account and pay therefor what the services would even be worth. Such an arrangement would have been an agreement involving the expenditure of money and unless the statutory provisions were complied with such attempted agreement would be void. Again referring to City of Wellston v Morgan, 65 Oh St, 219, syllabus 3:

"3. To state a good cause of action against a municipality in matters ex con-

tractu the petition must declare upon a contract, agreement, obligation or appropriation made and entered into according to statute. A petition on an account merely or quantum meruit, in such cases, is not sufficient."

The opinion in this case by Judge Burket very fully covers every phase of this question.

To permit a recovery in the instant case under the admitted facts of the trial statement, would render valueless the statutory requirements and the condition precedent to the appropriation and expenditure of public money. It would mean that while the contractor might agree to furnish the labor or material and after the same was furnished recover the value thereof even though the statutory provisions had not been followed. Under such condition the recovery might be as much or more than the estimate or price agreed upon.

The courts in this state have gone no farther than to say that where material is furnished under an attempted contract illegal because of the failure to comply with statutory requirements, the public authorities acquire no title or interest in the property. The contract being void they can claim nothing under it and the contractor can take his property back. Such a case is that of **Ludwig Hommel & Co. v Incorporated Village of Woodsfield, 115 Oh St, 675** and on page 683 Judge Allen speaking for the court makes the following observation:

"Since the contract was invalid, the municipality took no title to the meters under the contract. * * * Hence the title to and right of possession of the meters still remain in the company."

In this same paragraph is a reference to a Federal case in which the statement was made "the law will compel restitution or compensation" and counsel for plaintiff views this provision as supporting his right of action. An examination of the case will show that it can not be given the application contended for. The principle of return of property can not avail the plaintiff in the instant case for the reason that there was no property furnished. He furnished labor and there is no way of returning it. For that reason the court is powerless to aid him. Our attention is called to the case of **Knowlton v Board of Education, 13 Oh Ap, 30.** We have examined the case and find it directly in point. It fully answers every

contention of counsel for plaintiff.

It will not be necessary to make reference to the numerous other authorities cited. Suffice it to say that we have examined them.

Finding no error in the proceedings of the court below the judgment will be affirmed at cost of plaintiff in error.

An entry may be drawn in accordance with this opinion.

Exceptions will be allowed to the plaintiff.

HORNBECK, PJ, and KUNKLE, J, concur.